IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 4:09-cr-00006 |
| v. | ) |
| | ) |
| BRIAN HEATH DOSS, | ) By: Michael F. Urbanski |
| Defendant. | ) Chief United States District Judge |

### ORDER

Brian Heath Doss, proceeding pro se, has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] ECF No. 430. Because Doss has not presented extraordinary and compelling reasons warranting a sentence reduction, the court will **DENY** the motion. To the extent the motion also seeks to challenge the calculation of Doss's federal sentence by the Bureau of Prisons ("BOP"), the court will construe the motion as a petition for writ of habeas corpus under 28 U.S.C. § 2241 and direct the Clerk to docket it as such.

### I.

On March 25, 2010, Doss pleaded guilty to Count One of a second superseding indictment, which charged him with conspiracy to possess with the intent to distribute 5 kilograms or more of a mixture or substance containing cocaine and 100 kilograms or more of a mixture or substance containing marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846. ECF Nos. 95 and 238. Doss was originally sentenced to a term of imprisonment of 360 months, to run concurrently with a state sentence imposed in the Circuit Court of Pittsylvania County. ECF No. 259. By order entered October 23, 2012, Doss's term of imprisonment was

---

[1] Doss's criminal case was previously assigned to Senior United States District Judge Jackson L. Kiser. The case was transferred to the undersigned on May 31, 2022. ECF No. 427.

reduced to 204 months. ECF No. 353. The order provided that "[t]he sentence imposed shall run concurrent with the state sentence that the defendant is now serving." Id.

Doss is still serving the sentence imposed in state court. See ECF No. 430 at 5 ("I received fifty (50) years to serve in Pittsylvania County, Virginia from two (2) distribution of cocaine offenses . . . ."). He is presently incarcerated at Green Rock Correctional Center, a state prison facility located in the Western District of Virginia. His projected release date is September 20, 2052.[2]

On June 17, 2022, Doss moved to reduce his federal sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 430. In the motion, Doss asserts that the detainer resulting from his federal conviction "caused [his] security level in the state system to go upward." Id. at 6. He asks that the court "release [him] from the federal sentence/detainer" so that he "can go to a lower level prison." Id. at 7.

Doss's motion also challenges the BOP's alleged failure to recalculate his federal sentence pursuant to Section 102(b) of the First Step Act, which amended 18 U.S.C. § 3624(b)(1) to allow prisoners to receive "up to 54 days [of good conduct time] for each year of the prisoner's sentence imposed by the court." Pub. L. 115-391, 132 Stat. 5194, 5210 (Dec. 21, 2018); see also 18 U.S.C. § 3624(b)(1). Doss alleges that he has "begged" the BOP to recalculate his federal sentence in light of the "new good time law," but that the BOP "will not comply" with his request. ECF No. 430 at 7.

## II.

Doss seeks relief under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). This

---

[2] https://vadoc.virginia.gov/general-public/offender-locator (last visited June 29, 2022) (search "Brian Doss").

statute, as amended by Section 603(b) the First Step Act, authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). Accordingly, a motion filed pursuant to the statute requires the court to consider (1) if the defendant exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable factors set forth in 18 U.S.C. § 3553(a).

In this case, Doss acknowledges that he did not attempt to satisfy the threshold exhaustion requirement. Because the exhaustion requirement is non-jurisdictional, however, it may not be raised sua sponte. See United States v. Muhammad, 16 F.4th 126, 130 (4th Cir. 2021). Therefore, the court will proceed to consider whether Doss has identified any "extraordinary and compelling reasons" that would warrant reducing his federal sentence. 18 U.S.C. § 3582(c)(1)(A).

Having considered Doss's arguments, the court concludes that he has not satisfied this statutory requirement for compassionate release. Although the court understands Doss's desire

to have the federal detainer lifted, neither the existence of the detainer nor its impact on his security classification constitutes an "extraordinary and compelling" reason for a sentence reduction. See United States v. Vengoechea, No. 4:14-cr-00246, 2021 U.S. Dist. LEXIS 191796, at *10 (S.D. Tex. Oct. 5, 2021) (holding that the defendant's transfer from a low security facility to a medium security facility did not constitute an extraordinary and compelling reason for granting him compassionate release). The same is true for the BOP's alleged refusal to recalculate his federal sentence following amendments to the good conduct time statute. See United States v. Brake, No. 2:17-cv-00065, 2022 U.S. Dist. LEXIS 67555, at *1 (D. Me. Apr. 12, 2022) (emphasizing that a motion for compassionate release was not the proper vehicle for the defendant's challenge to the BOP's calculation of his good conduct time). As other courts have recognized, a motion challenging the execution of a federal sentence, including the calculation of good conduct time, "must be filed as a petition for writ of habeas corpus under 28 U.S.C. § 2241 rather than as a post-judgment motion in [a] defendant's criminal case." United States v. Williams, No. 2:13-20043, 2021 U.S. Dist. LEXIS 196864, at *2 (D. Kan. Oct. 13, 2021); see also United States v. Parrett, No. 2:01-cr-00168, 2019 U.S. Dist. LEXIS 65113, at *4 (E.D. Wis. Apr. 11, 2019) (noting that "when the good-time provisions of the [First Step Act] do go into effect, the proper vehicle . . . to request relief (after exhausting administrative remedies) would be a petition for habeas corpus under 21 U.S.C. § 2241").

Because Doss has not demonstrated that "extraordinary and compelling reasons" warrant a sentence reduction, the court must deny his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). To the extent Doss challenges the BOP's calculation of his federal sentence, the court will construe the motion as a petition for writ of habeas corpus under 28 U.S.C. § 2241.

4

See, e.g., United States v. Dunn, 1:11-cr-00054, 2022 U.S. Dist. LEXIS 91211, at *1(W.D.N.Y. May 20, 2022) (noting that the defendant's letter "challenging the Bureau of Prisons' alleged failure to properly calculate his good-time credit under Section 102(b)(1)(A) of the First Step Act of 2018 . . . is properly construed as one for habeas relief under 28 U.S.C. § 2241"); United States v. Yates, No. 5:15-cr-40063, 2019 U.S. Dist. LEXIS 68229, at *2 (D. Kan. Apr. 23, 2019) (construing the defendant's motion for time served under the First Step Act as a petition for writ of habeas corpus under § 2241 since the defendant sought to challenge the BOP's computation of his good conduct time); see also Flores v. Dretke, 120 F. App'x 537, 538 (5th Cir. 2005) (noting that a state inmate's claims challenging the execution of his federal sentence "fall under 28 U.S.C. § 2241").

## III.

For the reasons stated herein, Doss's motion for compassionate release, ECF No. 430, is **DENIED**. The motion is **CONSTRUED** as a petition for writ of habeas corpus under 28 U.S.C. § 2241, and the Clerk is directed to docket the motion as a § 2241 petition naming the Bureau of Prisons as the respondent.[3]

The Clerk is directed to send a copy of this order to the parties.

It is so **ORDERED**.

---

[3] In proceedings under § 2241, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ." Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004). However, this rule only applies when the petitioner is challenging his immediate physical confinement. Id. at 437. When a petitioner challenges something other than his immediate physical confinement, the proper respondent is "the entity or person who exercises legal control with respect to the challenged 'custody.'" Id. Thus, in this case, it appears that the proper respondent is the Bureau of Prisons. See Russell v. Bureau of Prisons, No. 4:20-cv-01082, 2021 U.S. Dist. LEXIS 254353, at *7 (E.D. Ark. Sept. 27, 2021) (concluding that "the proper respondent is the BOP, who Russell alleged was denying him his rights under the First Step Act, not Pulaski County Sheriff Higgins, who had immediate physical custody over Russell") (emphasis in original).

Entered: June 29, 2022

Michael F. Urbanski
Chief United States District Judge

6