CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 22 2023

LAURA A. AUSTIN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 4:09-CR-06 |
| v. | ) |
| | ) By: Michael F. Urbanski |
| BRIAN HEATH DOSS, | ) Chief United States District Judge |
| | ) |
| Defendant | ) |

## MEMORANDUM OPINION

At issue in this case is whether defendant Brian Heath Doss can be given credit toward his federal sentence imposed on June 17, 2010, for seventeen months he spent in state pretrial custody prior to the imposition of that federal sentence. While credit for state pretrial custody is often included as part of a federal sentence in cases where the state charges are nol prossed and no credit towards a state sentence is given, the problem here is that Doss already had received credit for his state pretrial custody in his state sentence imposed on March 10, 2010, precluding him from getting credit on this federal sentence without substantively altering the June 17, 2020, criminal judgment. As such, the court has no authority at this point to modify the sentence as Doss requests.

Moreover, as Doss is serving a 50-year state sentence, he seeks modification of his June 17, 2020, federal judgment because he believes it will remove a federal detainer and allow him to be housed by the Commonwealth of Virginia in a reduced security setting. Doss is mistaken. In addition to the June 17, 2020, federal judgment as to which Doss seeks modification, Doss is subject to a separate May 26, 2020, federal sentence for violation of his previously imposed supervised release. Because 24 months of the May 26, 2020, supervised release violation judgment

was ordered to run "consecutively to the defendant's imprisonment under any previous state or federal sentence," J., ECF No. 198 in Case No. 6:98-cr-40059, Doss will have a federal detainer throughout the entirety of his state sentence.

Finally, the case is before the court on an unusual procedural posture. On May 12, 2023, the United States filed a motion to correct Doss's judgment and to reduce his current 204-month federal sentence to 187 months via Rule 36 of the Federal Rules of Criminal Procedure, ECF No. 435, which authorizes the court to correct a clerical error. The government's motion is an attempt to give Doss credit for the seventeen months spent in state pretrial custody, and Doss does not oppose the motion. Nevertheless, because the issue raised concerning credit for prior state custody is not a clerical error subject to correction under Rule 36, the court does not have the authority to reduce Doss's sentence. Accordingly, the court must **DENY** the government's motion.

## I. Background

Doss is presently subject to three criminal sentences, two federal and one state, for drug offenses. At the time his two pending federal sentences were imposed, Doss was in primary state custody, having been sentenced in 2010 to 50 years for state cocaine distribution crimes. See Pittsylvania County Sentencing Order, ECF No. 435-1 in Case No. 4:09-cr-06. Shortly after this state sentence was imposed, Doss was twice sentenced in federal court, once for a violation of the terms of his supervised release imposed in a 1999 criminal judgment, and once for a drug distribution conspiracy charged in 2009. Doss asks the court to reduce the federal sentence imposed as a result of his 2009 drug distribution conspiracy charge, contending that this will

release him from a federal detainer and improve his security classification in the state system. In order to address the pending request, the court must retrace the history of these three sentences.

On November 14, 1999, Doss was sentenced to a term of 290 months for conspiracy to distribute cocaine, cocaine base, and marijuana, but the sentence was reduced several times with the final sentence being 104 months. See Pet. for Warrant, ECF No. 171 in United States v. Doss, No. 6:98-cr-40059 (W.D. Va. filed Oct. 23, 1998).[1] On March 14, 2008, Doss was released from federal custody to begin serving a 5-year term of supervised release. Id.

On January 22, 2009, Doss was arrested by state authorities in Pittsylvania County, Virginia, for distribution of cocaine in relation to state case numbers CR9000063-00 and CR9000064-00. See Decl. of Juannetta Hayes, ECF No. 435-2 ¶ 6 in Case No. 4:09-cr-06. On March 10, 2010, Doss was sentenced to 50 years on the state drug charges. Id. at 2. Doss received credit for time spent in confinement while awaiting trial. Id. Doss is incarcerated in the Virginia Department of Corrections and has a projected release date of September 20, 2052. External Sent. Calc., ECF No. 6-9 in Case No. 7:22-cv-354.

On May 26, 2010, Doss's term of federal supervision was revoked in Case No. 6:98-cr-40059, and Doss was sentenced to 48 months, with 24 of the months to be served "consecutively to the defendant's imprisonment under any previous state or federal sentence," and 24 months to run concurrently with the sentence imposed by the Pittsylvania Circuit Court on March 10, 2010 in Case Nos. CR09000063-00 and CR09000064-00. J., ECF No. 198 in Case No. 6:98-cr-40059.

---

[1] The Hon. Norman K. Moon presides over Case No. 6:98-cr-40059.

On June 10, 2009, Doss was charged with conspiracy to distribute cocaine in a superseding indictment in federal court. ECF No. 23 in Case No. 4:09-cr-06.[2] The drug conspiracy alleged in the federal superseding indictment encompassed the time period during which the state drug distribution charges occurred. See Pittsylvania County Sentencing Order, ECF No. 435-1 in Case No. 4:09-cr-06. On March 25, 2010, Doss pled guilty in federal court to Count 1 of the superseding indictment. Guilty Plea Form, ECF No. 238 in Case No. 4:09-cr-06.

On June 17, 2010, the court sentenced Doss to a term of "360 months to run concurrently with the state sentence imposed in Pittsylvania County Circuit Court, case numbers CR09000063-00 and CR09000064-00. The defendant to be given credit for time served on that state sentence." J., ECF No. 259 in Case No. 4:09-cr-06 (emphasis added). Doss appealed his judgment, which the Fourth Circuit affirmed on May 19, 2011. ECF No. 301.

On August 11, 2011, Doss filed a motion to vacate the judgment in Case No. 4:09-cr-06 pursuant to 28 U.S.C. § 2255. ECF No. 306. After the court appointed counsel for Doss and scheduled an evidentiary hearing, Doss moved to dismiss his § 2255 petition on October 22, 2012, stating that the government had agreed to file a motion to reduce Doss's sentence to 204 months. ECF No. 350. The motion states that "Defendant agrees that he will not file in any court any further motion or petition relating to this conviction and sentence." Id. at 1. Thereafter, on October 23, 2012, an order was entered in Case No. 4:09-cr-06, reducing Doss's sentence from 360 months to 204 months. J., ECF No. 353. The amended sentence was to run concurrently

---

[2] The Hon. James C. Turk presided over Case No. 4:09-cr-06. Upon Judge Turk's death, the case was transferred to the Hon. Jackson L. Kiser. Id., ECF No. 365. Upon Judge Kiser's death, the case was transferred to the undersigned. Id., ECF No. 427.

4

with the state sentence Doss was serving, with all other terms of the judgment order and the terms of any other sentence that he was serving to remain unchanged. Id.

On June 17, 2022, Doss filed a motion for compassionate release, which the court denied, but also construed as a habeas corpus motion brought pursuant to 28 U.S.C. § 2241. ECF No. 433. The habeas case was opened as Doss v. Bureau of Prisons, No. 7:22-cv-00354 (W.D. Va. filed June 30, 2022). In that case, Doss states that a federal detainer was served on him on July 8, 2010, and that after the detainer was filed, his security level in the state prison was increased. ECF No. 1 at 6 in Case No. 7:22-cv-00354. Doss asserts that if the court reduces his June 17, 2010, federal sentence to give him credit for the time he spent in custody on the state court conviction, he will have served all of this federal sentence.[3] At that point, Doss asserts that the federal detainer will be removed with the result that he can transfer to a "lower level" state prison. Id. at 6–7.

On November 28, 2022, the government moved to stay Doss's habeas case, informing the court that the government was going to file a motion to correct Doss's sentence in Case No. 4:09-cr-06 requesting that Doss's judgment be amended reflect the judge's oral pronouncement at sentencing, which included giving Doss credit for time served on his state sentence. The court granted the motion to stay. ECF Nos. 13, 14 in Case No. 7:22-cv-00354.

On May 12, 2023, the government filed the Fed. R. Crim. P. 36 motion under consideration here. The government argues that the sentencing court did not have statutory authority to give Doss credit toward his federal sentence for the time served on the state court

---

[3] According to the BOP, Doss began serving the sentence in Case No. 4:09-cr-06 on June 17, 2010, and his projected completion date for this sentence is December 10, 2024. Hayes Decl., ECF No. 435-2 ¶¶ 13, 19 in Case No. 4:09-cr-06.

5

conviction, but nevertheless suggests that the court can correct Doss's sentence to reflect the sentencing court's intentions via a Rule 36 motion to correct a clerical error.

## II. The Government's Motion

The government acknowledges that it was the sentencing court's intent that Doss's June 17, 2010, federal sentence be credited with time already served on his state sentence. Mot., ECF No. 435 at 4. However, the court's ability to give a defendant such credits is limited in two respects. First, the Attorney General, through the Bureau of Prisons (BOP), not the court, has the responsibility to compute the amount of credit an inmate receives toward his sentence, and the computation begins after the defendant begins his sentence. United States v. Wilson, 503 U.S. 329, 334 (1992). "The sentencing court has no authority 'to compute the amount of the credit' or 'to award credit at sentencing.'" Barnes v. Masters, 733 F. App'x 93, 98 (4th Cir. 2018) (quoting Wilson, 503 U.S. at 333–34). "Therefore, the sentencing court cannot order the BOP to award prior custody credit, which effectively means that the sentencing court cannot pronounce a sentence and order 'credit for time served.'" Id.

Second, the BOP must adhere to the following when calculating a sentence:

> **b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> **(1)** as a result of the offense for which the sentence was imposed; or
>
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b) (emphasis added). The statute makes clear that that an inmate cannot be given credit toward his sentence for time served it if has been credited toward another sentence. Wilson, 503 U.S. at 337; Barnes, 733 F. App'x at 94. Because Doss was given credit toward his state court sentence for the time he spent in state custody, he is not entitled to have the time also credited toward his federal sentence. Accordingly, the district court did not have authority to order that Doss's federal sentence be credited with the time he had already served on the state sentence and for which he had received state sentence credit.

However, at the time of sentencing, the court could have used United States Sentencing Guideline (USSG) § 5G1.3, which addresses imposition of a sentence on a defendant subject to an undischarged term of imprisonment or anticipated state term of imprisonment, to reduce Doss's sentence to reflect the time spent in state custody. The guideline provides the following:

> (b) If ... a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows:
>
> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

"Specifically, the application notes instruct the sentencing court to make an adjustment, pursuant to § 5G1.3(b), to the sentence ultimately imposed to account 'for any period of imprisonment already served ... if the court determines that the period of imprisonment will not be credited to

7

the federal sentence by the [BOP].'" Barnes, 733 F. App'x at 97 (quoting USSG § 5G1.3 cmt. 2). Thus, for Doss to be given credit for the time he had served in state custody, the sentencing court could have reduced his original 360-month sentence by the time he had spent in state custody, which was 1 year, 4 months, 3 weeks, and 4 days. But the court did not employ USSG § 5G1.3(b) to do so.

The government motion asks the court to employ Fed. R. Crim. P. 36 to issue an amended judgment and make that change now, reducing Doss's sentence in Case No. 4:09-cr-06 by seventeen months. However, Rule 36 does not authorize such a sentence modification. Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from an oversight or omission." Rule 36 may serve as a means for a defendant to obtain resentencing when a clerical error "likely resulted in the imposition of a longer sentence than would have been imposed absent the error." United States v. Vanderhorst, 927 F.3d 824, 827 (4th Cir. 2019) (citing United States v. Powell, 266 Fed. App'x 263, 265 (4th Cir. 2008)). While finality in judicial proceedings is an important interest and requires that judicial and substantive errors be laid to rest after specified time periods, when an error is purely clerical, like a scrivener's error, or recording error, "'the policy of finality is trumped and a court is authorized to correct the error at any time.'" Id. (citing Powell, 266 Fed. App'x at 265-66). "Forcing a defendant . . . to spend years longer in prison solely due to a data entry error for which he had no responsibility serves no legal, judicial, or public interest, is manifestly unjust, and is why Rule 36 exists." Id.

The federal rules do not define "clerical error," but courts have held that a clerical error "'must not be one of judgment or even misidentification, but merely of recitation, of the sort

8

that a clerk or amanuensis might commit, mechanical in nature.'" Connor v. United States, No. DLC 09-0424, 2011 WL 1322402, *3 (D. Md. 2011) (quoting United States v. Robinson, 368 F.3d 653, 656 (6th Cir. 2004) (quoting in turn United States v. Burd, 86 F.3d 285, 288 (2d Cir. 1996)). In Powell, the court noted that "[t]he errors most commonly subject to correction under Rule 36 are ... recording or scrivener's errors that make a difference." Powell, 266 Fed. App'x. at 266. Rule 36 has been used to amend a judgment to include an obviously omitted forfeiture order, correct a judgment that erroneously cited the controlling statute, correct the amount of a restitution order, and to correct a judgment to refer to a lesser included offense to which the defendant pled guilty rather than to the charge contained in the indictment. Id. (internal citations omitted). See also United States v. McLean, Criminal No. WDQ-10-0531, 2012 WL 259322, at *2 n.8 (D. Md. 2021) (collecting cases and citing examples of clerical errors to include a written judgment stating defendant had been convicted under a statute different from that orally imposed by the court; a statement in a judgment that defendant was sentenced to 77 months in prison when the court had orally imposed an 83-month sentence; and a statement in a written judgment that sentences would run concurrently when the court had pronounced that they would run consecutively); see also Black v. United States, No. 2:94-CR-15-BO-9, No. 2:14-CV-35-BO, 2015 WL 12916995, at *1 (E.D.N.C. 2015) (denying Rule 36 motion to correct drug quantity in PSR when the court made the drug quantity findings itself and noting that what petitioner actually sought was to amend the amount of drugs found by the court at sentencing).

Doss's June 17, 2010, sentence does not contain the sort of clerical error which may be remedied under Rule 36. Rather, the issue whether Doss is entitled to credit towards his federal

9

sentence for time he had already been credited in his prior state sentence is substantive. It is not appropriate for the court, thirteen years after the judgment was entered, to apply USSG § 5G1.3 and reduce Doss's sentence by seventeen months by means of a Rule 36 motion in a case where § 5G1.3 was not mentioned by the parties or the court at the sentencing hearing. Sent. Tr., ECF No. 283. Simply put, Rule 36 does not apply here. "Federal Rule of Criminal Procedure 36 is limited to the correction of purely clerical errors and does not extend to judicial or substantive errors." United States v. Jenkins, 22 F.4th 162, 167 (4th Cir. 2021) (citing Vanderhorst, 927 F.3d at 828). See also United States v. Werber, 51 F.3d 342, 347 (2d Cir. 1995) (quoting United States v. Daddino, 5 F.3d 262, 264 (7th Cir. 1993)) ("Rule 36 is not a vehicle for the vindication of the court's unexpressed sentencing expectations, or for the correction of 'errors made by the court itself.'"). Accordingly, the government's motion to correct the judgment in Doss's case, ECF No. 435, must be **DENIED**.

### III. Conclusion

In any event, even if the court were to apply Rule 36 to the June 17, 2010, judgment and reduce Doss's sentence by the seventeen months he seeks, that would have no impact on Doss's federal detainer. As explained above, Doss is serving two federal sentences, one for a supervised release violation imposed on May 26, 2010, Case No. 6:98-cr-40059, arising from a 1999 criminal judgment, and one for the criminal judgment imposed on June 17, 2010, Case No. 4:09-cr-06, arising out of the June 10, 2009, superseding indictment. Because 24 months of the supervised release violation judgment imposed on May 26, 2010, was run consecutive to his prior state sentence, Doss will be subject to a federal detainer throughout the entire term of his 50 year state sentence. Thus, even if the court were to grant the government's Rule 36 motion in Case No.

10

4:09-cr-06, shortening that sentence by seventeen months, Doss remains subject to a federal detainer arising from the 24-month supervised release violation sentence imposed in Case No. 6:98-cr-40059, which runs consecutively to this state sentence. In short, granting the government's Rule 36 motion in Case No 4:09-cr-06 has no effect on the sentence imposed in Case No. 6:98-cr-40059, and any federal detainer associated therewith.

For these reasons, the court **DENIES** the government's Rule 36 motion, ECF No. 435.

An appropriate order will be entered.

Entered: September 22, 2023

Michael F. Urbanski
Chief United States District Judge